IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. Brandy White,<br>2. TW, XX/XX/2005, Minor child,<br>3. KW, XX/XX/2015, Minor child,<br>4. KW, XX/XX/2020, Minor child,<br>5. AW, XX/XX/2020, Minor child,<br>　　　　　　　Plaintiffs,<br><br>v.<br><br>1. Scott Matthews, in his capacity as a process server and individually<br>2. The Greater Muskogee Community Foundation, an Oklahoma Business, and,<br>3. The Housing Authority for the City of Muskogee,<br>　　　　　　　Defendants. | Case Number:<br><br>22-cv-061-KEW |

## COMPLAINT

Brandy White, Plaintiff, and her minor children, TW, KW, KW, and AW bring this action against the Defendants for violations of **42 U.S.C.A. § 1983**, Replevin, Fraud, the Oklahoma Residential Landlord and Tenant Act, **41 O.S. § 101, et seq.**, The Oklahoma Discrimination in Housing Act, **25 O.S. § 1451, et seq.**, the Fair Housing Act, **42 U.S.C. A. § 3601, et seq.**, and conversion.

## JURISDICTION

1. The Plaintiff Brandy White ("Ms. White") resides in the State of Oklahoma and has resided herein for more than one year predating this action. She has resided in Muskogee County, Muskogee, Oklahoma for more than one year predating the initiation of this action.

2. Plaintiffs, TW XX/XX/2005; KW XX/XX/2015; KW XX/XX/2020; AW XX/XX/2020 are the minor children of Ms. Brandy White, and occupants of her the dwellings provided by the Defendant housing entities.

3. Defendant, Scott Matthews ("Matthews") is a process server who conducts business in Muskogee County, Muskogee, Oklahoma. He was an agent of the Defendants.

4. Defendant, Greater Muskogee Community Foundation ("GMCF") is a person as is defined under Oklahoma law and conducts business in Muskogee County, Muskogee, Oklahoma. It was Defendant's Matthews principal and works in agency or joint venture with the Muskogee Housing Authority. GMCF was the Plaintiffs' landlord.

5. Defendant Muskogee Housing Authority is a public housing agency that receives federal funding from the United States government, through the United States Department of Housing and Urban Development, to operate its housing program. The Muskogee Housing Authority (MHA) is an agent of the Defendant Greater Muskogee Community Foundation and works in joint venture with it in the provision of housing services. The MHA provided the subsidy that paid for the rent for the dwellings in which the Plaintiffs resided and in which they currently reside.

6. This Court has jurisdiction over the Parties since all Defendants conduct business in Muskogee County.

7. This Court has subject matter jurisdiction because all acts complained of herein occurred in Muskogee County, Muskogee, Oklahoma.

8. This Court, as a court of competent jurisdiction, has jurisdiction over all claims arising under federal and state law pursuant to 28 U.S.C. §§ 1331 and 1367, and 42 U.S.C.A. § 3613.

# FACTS

### *Lease Agreement between Ms. White and GMCF*

9. Ms. White is a single mother of four minor children who resides in federally assisted subsidized housing in Muskogee, Muskogee County, Oklahoma.

10. On September 26, 2018, Ms. White entered into an apartment lease agreement with Defendant GMCF for one year for the letting of a rental unit located at the Whispering Pines Apartments (Whispering Pines) in Muskogee, Oklahoma.

11. Ms. White received a voucher subsidy that paid for her entire rental obligation.

### *Ms. White's Temporary Absence from the Unit*

12. Ms. White, soon after moving into the unit, became pregnant with twins.

13. In May 2019, Ms. White was temporarily absent from her rental unit when she went to Mississippi to provide care for a friend who has cancer. She informed the property manager that she would be absent from the unit.

14. In late May 2019, Ms. White's car was stolen while she was in Mississippi.

15. Due to the theft of her car, Ms. White's return to Muskogee was delayed.

16. In addition to the theft of her car, Ms. White found out that she was pregnant in May 2019. She learned about her pregnancy after her car was stolen.

17. After learning of her pregnancy, Ms. White experienced extreme illness.

18. In June 2019, Ms. White contacted the Defendant's property manager to inform her that she was having complications with her pregnancy and that her car had been stolen.

19. Ms. White informed the property manager that she intended to return to the unit, but that she was too ill to travel.

20. After Ms. White notified the property manager of the reason for her absence, the property manager informed several of Ms. White's concerned neighbors that Ms. White was absent from the unit, but that she was going to come back as soon as she was able, and that Ms. White was not leaving the unit.

21. At or near the same time, the property manager informed the Muskogee Housing Authority that Ms. White had been absent from the unit for more than one month.

22. The Muskogee Housing Authority sent a notice to Ms. White's apartment address informing her that her rental assistance would terminate on June 30, 2019 unless she contacted them to inform them that she was still living in the unit.

23. Ms. White did not receive the notice that the Muskogee Housing Authority sent.

24. The property manager did not inform the Muskogee Housing Authority of her discussions with Ms. White or of the reason from Ms. White's absence.

25. The Muskogee Housing Authority terminated Ms. White's rental assistance.

### *Pregnancy complications and notice to GMCF*

26. On or around July 6, 2019, Ms. White went to the emergency room in Mississippi because she was experiencing complications with her pregnancy and gall bladder.

27. When she went to the hospital for the complications, an ultrasound revealed that she was having twins and gallstones.

28. Because of the gall bladder problems and the twin pregnancy at her age, Ms. White's pregnancy was deemed high risk.

29. The doctor admitted her to the hospital on July 12, 2019.

30. Ms. White remained hospitalized in Mississippi until August 2019.

31. While she was hospitalized, Ms. White contacted the Defendant's property manager to inform her that she was hospitalized and was having complications with her pregnancy.

32. On August 6, 2019, Defendant GMCF appeared in court to inform the court about damages to Ms. White's unit. Defendant GMCF informed the court that there were no damages to the unit. The court awarded $0 for damages to Defendant GMCF.

33. Ms. White was hospitalized again in Mississippi from August 1, 2019 through August 4, 2019 due to complications relating to her pregnancy.

### *GMCF eviction filing and Matthews fraudulent return of service filing*

34. On July 15, 2019, Defendant GMCF filed an action against Ms. White, in the District Court of Muskogee, for unpaid rent and for possession of the unit (eviction proceeding).

35. On July 15, 2019, Defendant GMCF retained Defendant Matthews as process server to serve Ms. White with the Summons for the eviction proceeding.

36. Although Ms. White was in the hospital in Mississippi on July 15, 2019, Defendant Matthews filed a fraudulent return of service with the District Court of Muskogee County stating that he personally served Ms. White, with a copy of the eviction summons, at her apartment in Muskogee on July 15, 2019.

37. On July 29, 2019, the District Court of Muskogee County awarded a default judgment to Defendant GMCF for the claimed unpaid rent and for the possession of Ms. White's rental unit.

38. Ms. White did not appear at the hearing because she did not know that she was being evicted due to the lack of service.

39. Defendant GMCF, by its agents, removed all of Ms. White's furniture and personal property from her unit without notice to her.

40. Ms. White lost her federal housing assistance when the Court awarded the default judgment to Defendant GMCF.

41. The Court would not have awarded judgment to GMCF on July 29, 2019 if Defendant Matthews had not filed the false and fraudulent return of service.

### *Ms. White's return to Muskogee and loss of housing*

42. On or around August 9, 2019, Ms. White returned from Mississippi to Muskogee to find that the Defendant GMCF locked her out of her unit and that her personal belongings had been removed from the unit.

43. Ms. White demanded that Defendant GMCF return her personal property to her but Defendant GMCF refused.

44. In 2020, Ms. White retained an attorney, who filed to vacate the eviction action.

45. After several months, in 2020, Defendant GMCF vacated, dismissed, and sealed the default judgment.

46. Although Defendant GMCF vacated, dismissed, and sealed the default judgment, it did not take any proactive measures to assist Ms. White with getting quickly rehoused.

47. In October 2020, Ms. White's federal housing voucher was reinstated by the Muskogee Housing Authority.

48. From August 2019 through October 2020, Ms. White and her minor children were homeless.

49. Ms. White's physician prescribed her anti-depressant and anti-anxiety medications to minimize the impact of the trauma of homelessness for her.

50. On October 1, 2021, the MHA terminated Ms. White's rental voucher, without proper notice, claiming that she failed to timely submit an electric bill. Ms. White submitted the electric bill numerous times before the expiration of the time to renew.

51. In October 2021, Ms. White informed the MHA, upon learning that her assistance terminated, that she would speak with her attorney. The MHA then verbally informed her that it was not going to give her an opportunity to appeal the termination of her rental assistance.

52. From October 2021 through the present time, Ms. White has been without her rental subsidy and has had to rely upon loans and other rental assistance programs to pay her rent.

## INJURY TO MS. WHITE

53. For fourteen months, Ms. White and her minor children were homeless and had to sleep on the couches and chairs of friends and relatives because they could not find affordable housing due to the loss of her federal housing assistance, the eviction judgment, and the loss of all personal property.

54. Ms. White and her family have suffered and continue to suffer actual damages due to their loss of the housing voucher, loss of the property, or in the alternative, the deprivation of access to their personal property.

55. Ms. White, and her minor children, are facing imminent harm in the form of eviction due to the termination of her rental assistance from the Defendants.

56. They also are damaged due to the emotional distress of homelessness and the mental anguish, embarrassment, and humiliation associated with being homeless. She has lost her hair due to the stress and has suffered in other ways mentally and physically.

57. Because of the egregiousness of the Defendants' conduct, a judgment for actual damages alone would be insufficient to deter the Defendants from engaging in the s of same or

similar conduct again. Furthermore, actual damages alone are an inadequate remedy to make Ms. White whole from her injuries. Accordingly, the Court should award punitive damages to punish the Defendants, and injunctive relief to restrain the Defendants from engaging in the same or similar conduct in the future.

## CLAIMS

### Claim 1

### Violation of 42 U.S.C.A. § 1983

58. The facts asserted above support a claim arising under 42 U.S.C.A. § 1983.

59. The Plaintiff requests a judgment for actual damages not less than $25,000.

60. The Plaintiff requests to recover attorney fees and court costs for the prosecution of its action.

### Claim 2

### Replevin

61. The facts asserted above support a claim of replevin.

62. The Plaintiff has demanded the property from the Defendants, but the Defendants have refused to return it to her or any part thereof.

63. The Plaintiff requests that the Court issue an order for delivery to require the Defendants to deliver her personal property to her.

64. If the Defendants cannot return the property to her, the Plaintiff requests judgment for the value of the property.

65. The Plaintiff requests to recover attorney fees and court costs for the prosecution of tis action.

### Claim 3

### Fraud

66. The facts asserted above support a claim for actual and constructive fraud.

67. The Plaintiff requests that the Court award her actual damages for the Defendants fraud in an amount not less than $25,000.

68. The Plaintiff requests that the Court award her punitive damages for the Defendants' fraudulent conduct.

69. The Plaintiff requests to recover attorney fees and court costs for the prosecution of tis action.

### Claim 4

**Violation of the Oklahoma Residential Landlord and Tenant Act, 41 O.S. § 101, et seq.,**

70. The facts asserted above support a claim for violations of the Oklahoma Residential Landlord and Tenant Act, 41 O.S. 101, et seq.

71. The Plaintiff requests to recover her actual damages for the Plaintiff's violation of the ORLTA.

72. The Plaintiff requests to recover attorney fees and court costs for the prosecution of tis action.

### Claim 5

**Violation of the Oklahoma Discrimination in Housing Act, 25 O.S. § 1451, et seq., and the Fair Housing Act, 42 U.S.C.A.**

73. The facts asserted above support a claim of discrimination based upon disability and familial status, and retaliation.

74. The Plaintiff seeks actual damages of not less than $25,000 for the Defendants' violations of the Acts.

75. The Plaintiff seeks punitive damages of not less than $25,000 because of the Defendants' violations of the Acts.

76. The Plaintiff seeks injunctive relief from the Court to prohibit the Defendants from engaging in the discriminatory conduct.

77. The Plaintiff requests to recover attorney fees and court costs for the prosecution of tis action.

### Claim 7

### Common law conversion.

78. The facts asserted above support a claim of conversion.

79. The Plaintiff has demanded the property from the Defendants, but the Defendants have refused to return it to her or any part thereof.

80. The Plaintiff began pursuing the recovery of her property as soon as she learned of the conversion.

81. The Plaintiff has diligently pursued the recovery of the property since its conversion by the Defendants.

82. The Plaintiff requests that the Court award her the highest value for all property not returned to her by the Defendants.

83. The Plaintiff requests that the Court award her damages for the loss of the use of the property that the Defendants return to her.

84. The Plaintiff requests to recover attorney fees and court costs for the prosecution of tis action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that the Court award the following relief.

A. Actual damages as prayed for each claim asserted herein.

B. Punitive damages as prayed for each claim asserted herein.

C. An Order for Delivery.

D. Injunctive relief to prohibit further discriminatory conduct by the Defendants.

E. Attorney's fees and court costs accruing.

F. All other relief as determined by the Court.

JURY TRIAL REQUESTED

Respectfully Submitted,

*/s/ Teressa L. Webster*

Teressa L. Webster, OBA # 30767
Attorney for the Defendant
Legal Aid Services of Oklahoma, Inc.
530 Court Street
Muskogee, OK 74401
Phone: 918-683-5681
Fax: 918-683-5690

## OATH AND VERIFICATION

STATE OF OKLAHOMA )
) CC.
COUNTY OF MUSKOGEE )

I, Brandy White, Plaintiff herein, having been duly sworn and placed under oath under the laws for the penalty for perjury in and for the State of Oklahoma do hereby state that I have reviewed the foregoing document. The matters asserted therein are true and correct to the best of my knowledge, information, and belief. In verification thereof, I hereto affix my signature.

_2-9-2022_
DATE

_Brandy White_ (signature)
BRANDY WHITE

Subscribed and sworn before me the undersigned notary public in and for the State of Oklahoma this __9th__ day of __February__, 2022.

_Ida L. Warren_
Notary Public

My Commission Expires on:
_Aug. 30, 2024_

(Notary Seal: IDA L. WARREN, NOTARY, # 00012574, EXP. 08/30/24, STATE OF OKLAHOMA, PUBLIC)

12