# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

BRANDY WHITE, et al.,                    )
                                         )
                    Plaintiffs,          )
                                         )
vs.                                      )        Case No. 22-cv-61-RAW-DES
                                         )
SCOTT MATTHEWS, et al.,                  )
                                         )
                    Defendants.          )

## OPINION AND ORDER

This matter comes before the Court on Defendants', the Greater Muskogee Community Foundation and the Housing Authority for the City of Muskogee's ("Defendants"), Motion for Discovery Sanctions. (Docket No. 62). On May 13, 2024, United States District Judge Ronald A. White referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 53). The undersigned Magistrate Judge held a motion hearing on Defendants' Motion for Discovery Sanctions on August 13, 2024. For the reasons set forth below, Defendants' Motion for Discovery Sanctions is GRANTED in part and DENIED in part.

I.        Background

Plaintiff initiated this action following an eviction from her federally assisted subsidized housing unit located in Muskogee, OK by Defendant Greater Muskogee Community Foundation. Plaintiff alleges the eviction was based on discrimination in violation of the Fair Housing Act and other laws. On March 18, 2024, Defendant Muskogee Housing Authority filed a Motion to Compel Discovery Responses from Plaintiff. (Docket No. 46). The undersigned Magistrate Judge held a hearing on Defendant's Motion to Compel on May 13, 2024.  At the conclusion of such hearing,

the undersigned Magistrate Judge granted Defendant's Motion to Compel Discovery Responses and directed Plaintiff to fully respond to the second set of discovery requests and supplement her responses to the first set of discovery within 21 days. Additionally, Plaintiff was directed to provide executed authorizations including the OESC authorization, medical authorizations, educational authorization, and any additional employment authorization with personally identifiable information within 21 days. (Docket No. 54). Based on the undersigned Magistrate Judge's order, Plaintiffs had until June 3, 2024, to provide her responses, supplemental responses, and executed authorizations to Defendant.

However, on June 11, 2024, Plaintiff instead filed a Motion to Clarify the ruling on the Motion to Compel. (Docket No. 55). The undersigned Magistrate Judge issued an Order on June 12, 2024, detailing the ruling on the Motion to Compel and directing Plaintiff to specify the amount of damages attributed to each of Plaintiffs' claims, and to fully respond to and supplement Interrogatory No. 8 by 5:00 p.m. on June 13, 2024.  The undersigned Magistrate Judge noted the "table of damages" Plaintiff provided was not sufficient to show how Plaintiff calculated her damages or what amount of damages were attributed to each claim and therefore was to be supplemented to provide the same, specifically regarding the actual damages requested. Furthermore, Plaintiff was directed to supplement all her responses to the first set of discovery and fully respond to the second set of discovery by 5:00 p.m. on June 13, 2024. Finally, Plaintiff was directed to provide executed Medical Authorizations for all remaining Plaintiffs by 5:00 p.m. on June 13, 2024. (See Docket No. 59).

On June 19, 2024, Defendants filed the present Motion for Sanctions, alleging that Plaintiff failed to comply with the Court's orders and has produced limited, conflicting, and incoherent responses. (Docket No. 62 at 1).

II.    Standard of Review

Under Federal Rule of Civil Procedure 37(b)(2)(A), if a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. Defendants argue Plaintiff's failure to comply with the First Discovery Order and the Second Discovery Order warrants imposition of sanctions, because it has interfered with the judicial process and has prevented Defendants' ability to investigate and defend against the allegations in the Complaint. (Docket No. 62 at 6). Specifically, Defendants argue that Plaintiff still has not provided an adequate calculation of Plaintiffs' damages, has not fully provided nor supplemented information regarding Plaintiffs' living arrangements, and has not supplemented or produced documents responsive to Defendant's requests. *Id.* at 7-20.

Plaintiff's response to Defendants' allegations is simply, that she has provided her discovery responses and produced all the documents that are in her control as required by Federal Rules of Civil Procedure 26. (Docket No. 66 at 2). Plaintiff argues that her homelessness as a result of the Defendants' eviction presents unique challenges for her being able to respond to interrogatories and document requests. *Id.* Furthermore, Plaintiff argues that some of the documents she needs to complete her damage computation can only be obtained through continued discovery. *Id*. at 6. While the undersigned Magistrate Judge agrees that Plaintiffs have complied with most of the discovery requests, there are some requests that are notably deficient for which supplementation is necessary.

A.    Information Regarding Living Arrangements

One of the allegations Plaintiff makes in her Complaint is that due to the eviction at issue, Plaintiff and her minor children were homeless for fourteen months. Plaintiff alleges she and her

children "had to sleep on the couches and chairs of friends and relatives because they could not find affordable housing." (Docket No. 2 at 7). Defendant, in its Interrogatory No. 1, sought "all addresses or locations you have resided at or stayed overnight at since January 1, 2016, to the present." (Docket No. 62 at 13). Plaintiff's response to this request was that she lived in Nehemiah Homes (the location she was evicted from), in "various hotels and motels," and one address in Haskell, Oklahoma, which is her current address. *Id.* at 13-14. Plaintiff has not identified any friends or relatives she stayed with, nor did she specify any of the various hotels and motels she stayed at.  This information is nonprivileged and relevant not only to Plaintiff's claims but to allowing Defendant's the opportunity to form a defense and is proportional to the needs of the case. *See* Federal Rules of Civil Procedure 26(b)(1). Plaintiff has already alleged in her Complaint that she and her children had to rely on friends and family to live with during the period when they were unhoused, it is not unreasonable for Defendant to request the names and addresses of those friends and family Plaintiff relied on during her time of need. Plaintiff is therefore ordered to supplement her response to Interrogatory No. 1 to include the names and addresses of the friends and relatives she and her minor children lived with during the time she alleges they were homeless, within five (5) days of the date of this order. Plaintiff's failure to comply may result in dismissal of her allegations against Defendant.

### B.     Damage Computation

In the Order Granting Defendants' Motion to Compel, the undersigned Magistrate Judge ordered Plaintiff to supplement her response to Interrogatory No. 8 and provide information regarding her calculation of damages and identify what amount of damages is attributed to each of Plaintiffs' claims. Plaintiff argues that she itemized each claim and provided the basis for the damages and the reasons for which they believed they were entitled to those amounts. (Docket No.

66 at 6). However, a review of the actual response provided by Plaintiff indicates that many of Plaintiff's damages are still being lumped together without identification of how much is being claimed for each category. (See Docket No. 62-5 at 2-4). Plaintiff's second category of damages listed in her table of damages notes "Fraud- voucher loss; homelessness; property loss; money to pay rent; emotional pain and suffering," all of which Plaintiff is claiming a total of $400,000.00 in damages. *Id.*, at 3. This is exactly the type of damage calculation this Court ordered Plaintiff to correct in the first Order Granting Motion to Compel. Plaintiff is required to indicate what amounts of damages she is claiming for each of the damages listed. For example, how much is attributed for voucher loss, for property loss, etc.  Furthermore, Plaintiff failed to identify each and every category of damage she is claiming. As Defendant points out, Plaintiff did not include any calculation of damages for relating to her § 1983 claim, and therefore asks that those claims be dismissed.

Plaintiff argues that her § 1983 claims derive from the Defendants' wrongful termination of the Plaintiffs' housing subsidy and the documents she needs pertinent to the computation of the claim are in the possession of Defendant. (Docket No. 66 at 7). Plaintiff admits that she has not issued discovery requests to Defendant to even obtain the information she claims she needs to present a complete computation of damages. *Id.* Despite knowing that she was ordered to provide a complete computation of damages back on May 13, 2024, Plaintiff has done nothing to secure the information she claims she needs to complete her damage calculation.[1] Just as this court determined in *Walker v. State Farm Fire and Casualty*, 2020 WL 6205841, (E.D. Okla. Oct. 22, 2020), a computation of damages contemplates some analysis. Plaintiff is required to provide some

---

[1] Plaintiff specifically argues that her housing choice voucher file contains information regarding the amounts she has lost as a result of the termination of her housing subsidy in 2020; however, as argued at the Motion Hearing, that information is readily available to Plaintiff and her Counsel and can be calculated to the best of their ability.

information to support her damage amounts, which is more than simply what she believes she is entitled to. *Id.,* at *1. ("[I]n a claim for lost wages, there should be some information relating to hours worked and pay rate."). Plaintiff needs to provide some analysis for her calculatable claims. "While the court understands Plaintiff may not be able to calculate specifically each category of damages, Plaintiffs should be able to set forth some computation of damages for compensatory damages for mental pain and suffering and other non-pecuniary losses including punitive damages." *Id.* Accordingly, Plaintiff is ordered to supplement her damage computation in Interrogatory No. 8 to include all claims along with actual damages calculation specifying the amounts claimed for each area of damages. Should Plaintiff fail to provide a detailed calculation of all claimed damages in response to Interrogatory No. 8, she risks having her claims for damages dismissed.

### C.     Production of Medical and Billing Records

Defendants argue that Plaintiff has a duty to produce any and all medical and billing records that Plaintiff has obtained in response to their Request for Production No. 33. (Docket No. 62 at 16). Defendants note that in her original responses, Plaintiff indicated that she was "obtaining medical records in response to this Request and will supplement the response upon receipt." *Id.* However, in her supplementation to the Request for Production No. 33, Plaintiff simply indicated that she had signed and returned her medical authorization for the release of her medical records. *Id.* Defendant seeks clarification from Plaintiff in a supplemental response as to whether she has ever obtained responsive medical records and if not, to indicate the same. During the Motion Hearing, counsel for Plaintiff stated that she had not requested any medical records and the only medical records in Plaintiff's possession have been provided to Defendant. Accordingly, Plaintiff is ordered to supplement her responses to Request for Production Nos. 4, 24, and 33 to clarify her

previous discovery response and inform Defendant whether she has requested any medical records that have not been received or whether she has not requested any records and therefore has nothing to produce.

III.    Conclusion

The undersigned Magistrate Judge has determined that while the Plaintiffs have largely complied with discovery requests, some responses are deficient and require supplementation. Accordingly, Plaintiff is ordered to: (1) provide the names and addresses of individuals with whom she and her children lived during their alleged period of homelessness, including any hotels and/or motels, within five days of the date of this order; (2) supplement her damage computation in Interrogatory No. 8 with detailed calculations for each claimed damage within 5 days of the date of this order; and (3) clarify her responses to Request for Production Nos. 4, 24, and 33 regarding any outstanding or unrequested medical records. Failure to comply with these orders may lead to sanctions including dismissal of the Plaintiff's claims.

IT IS THEREFORE ORDERED that Defendant's Motion for Discovery Sanctions is GRANTED in part and DENIED in part. Plaintiff is ordered to supplement her discovery responses required by this Order no later than August 28, 2024.  Failure to do so may lead to sanctions including dismissal of claims, upon Motion by Defendants.

IT IS SO ORDERED this 23rd day of August, 2024.

_____
D. Edward Snow
United States Magistrate Judge