## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDY WHITE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 22-cv-61-RAW-DES |
| | ) |
| SCOTT MATTHEWS, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff, TW's Motion to Voluntarily Dismiss the Case Without Prejudice. (Docket No. 72). On May 13, 2024, United States District Judge Ronald A. White referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. (Docket No. 53). The undersigned Magistrate Judge held a motion hearing on Plaintiff TW's Motion to Dismiss on August 13, 2024. For the reasons set forth below, Plaintiff' TWs Motion to Dismiss is DENIED until specific conditions are met.

Plaintiff TW was a minor when her mother filed this case including her as a Plaintiff. (Docket No. 72 at 2). Plaintiff TW has attained the age of majority and moved out of state for college. *Id.* Now, Plaintiff TW does not wish to participate in this lawsuit as a plaintiff and wishes to dismiss her claims against all Defendants, without prejudice. (Docket No. 72-1). Defendants Housing Authority for the City of Muskogee and Greater Muskogee Community Foundation ("Defendants") filed an objection to Plaintiff TW's Motion to Voluntarily Dismiss her claims. (Docket No. 73). Their main objection is the fact that Plaintiff TW, despite being ordered to do so in the Court's Order Granting Defendants Motion to Compel, has not supplemented to her

1

responses to Defendants discovery requests and executed forms authorizing Defendants to obtain medical and educational records. *Id.,* at 2. Defendants argue that Plaintiff TW's responses to discovery and her signed authorizations are important to Defendants defense of Plaintiff's claims. *Id.,* at 3. Furthermore, Defendants argue that Plaintiff TW's testimony in a deposition is something they would seek and without her as a party in the case, this task would be difficult to achieve. Therefore, Defendants request an Order from the Court that Plaintiff TW supplement the discovery responses concerning her, sign the medical and education authorizations, and be ordered to appear for deposition prior to her being allowed to dismiss her claims without prejudice. *Id.,* at 5.

Plaintiff TW argues that the stress to which she would be subjected to continue participating in this case supports her position of dismissal without prejudice; but, if the Defendants withdraw their objections and stipulations to the dismissal and if the Court would relieve her of the duty to comply with the prior Order to supplement discovery and complete the authorizations, she would agree to dismiss her causes of actions with prejudice. (Docket No. 74 at 1-2). Plaintiff TW, perhaps anticipating that Defendants would not agree to these stipulations, requests that if her proffer is rejected, the Court dismiss her claims without prejudice and treat Defendants' stipulations and compliance with the Order to compel as conditions to refiling rather than conditions for dismissal. *Id.,* at 2. The undersigned Magistrate Judge rejects Plaintiff TW's requests and agrees with Defendants that the information sought through discovery is just as relevant to the parties' claims and defenses in the existing case, as any potentially refiled lawsuit by Plaintiff TW.

Accordingly, Plaintiff TW is ordered to comply with the Court's Order on the Motion to Compel to supplement discovery, respond to any outstanding discovery requests including providing her current address and contact information, and provide the required executed

authorization forms to Defendants within ten (10) days of the date of this Order. Failure to do so will result in sanctions upon Plaintiff TW, her counsel, or both. Once Plaintiff TW has complied with the Order on the Motion to Compel and provided Defendants her discovery responses and signed authorizations, Plaintiff TW's claims will be dismissed without prejudice. Furthermore, this Court will be available to Defendants should they require assistance in deposing TW once she is no longer a party to this lawsuit.

IT IS THEREFORE ORDERED that Plaintiff TW's Motion to Dismiss is DENIED until TW complies with the Court's Order on the Motion to Compel to supplement discovery, respond to any outstanding discovery requests including providing her current address and contact information, and provides the required executed authorization forms to Defendants. Plaintiff TW shall comply with the production required by this Order no later than September 5, 2024.

IT IS SO ORDERED this 26th day of August, 2024.

_____
D. Edward Snow
United States Magistrate Judge