IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDY WHITE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 22-cv-61-RAW-DES |
| ) | |
| SCOTT MATTHEWS, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Defendants, the Greater Muskogee Community Foundation and the Housing Authority for the City of Muskogee's ("Defendants"), Second Motion for Discovery Sanctions. (Docket No. 79). On May 13, 2024, United States District Judge Ronald A. White referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 53). For the reasons set forth below, the undersigned Magistrate Judge recommends Defendants' Second Motion for Discovery Sanctions be GRANTED IN PART and this case be dismissed without prejudice.

I.　　Background

Plaintiff[1] initiated this action following an eviction from her federally assisted subsidized housing unit located in Muskogee, OK by Defendant Greater Muskogee Community Foundation. Plaintiff alleges the eviction was based on discrimination in violation of the Fair Housing Act and other laws. On March 18, 2024, Defendant Muskogee Housing Authority filed a Motion to Compel Discovery Responses from Plaintiff. (Docket No. 46). The undersigned Magistrate Judge held a

---

[1] "Plaintiff" refers to Brandy White in both her individual capacity and her capacity as the mother and next friend of the minor children who are also named as plaintiffs.

1

hearing on Defendant's Motion to Compel on May 13, 2024. At the conclusion of such hearing, the undersigned Magistrate Judge granted Defendant's Motion to Compel Discovery Responses and directed Plaintiff to fully respond to the second set of discovery requests and supplement her responses to the first set of discovery within 21 days. Additionally, Plaintiff was directed to provide executed authorizations including an Oklahoma Employment Security Commission authorization, medical authorizations, an educational authorization, and any additional employment authorization with personally identifiable information within 21 days. (Docket No. 54).

Based on the undersigned Magistrate Judge's order, Plaintiff had until June 3, 2024, to provide her responses, supplemental responses, and executed authorizations to Defendant. On June 11, 2024, Plaintiff filed a Motion to Clarify the ruling on the Motion to Compel. (Docket No. 55). The undersigned Magistrate Judge issued an Order on June 12, 2024, detailing the ruling on the Motion to Compel and directing Plaintiff to specify the amount of damages attributed to each of Plaintiffs' claims, and to fully respond to and supplement Interrogatory No. 8 by 5:00 p.m. on June 13, 2024. The undersigned Magistrate Judge noted the "table of damages" Plaintiff provided was not sufficient to show how Plaintiff calculated her damages or what amount of damages were attributed to each claim and therefore was to be supplemented to provide the same, specifically regarding the actual damages requested. Furthermore, Plaintiff was directed to supplement all her responses to the first set of discovery and fully respond to the second set of discovery by 5:00 p.m. on June 13, 2024. Finally, Plaintiff was directed to provide executed Medical Authorizations for all remaining Plaintiffs by 5:00 p.m. on June 13, 2024. (See Docket No. 59).

On June 19, 2024, Defendants filed their First Motion for Sanctions, alleging that Plaintiff failed to comply with the Court's orders and has produced limited, conflicting, and incoherent responses. (Docket No. 62 at 1). Following a hearing held on August 13, 2024, the undersigned

Magistrate Judge determined that while the Plaintiffs had largely complied with discovery requests, some responses remained deficient, and supplementation was required. In a written order entered on August 23, 2024, Plaintiff was ordered to: (1) provide the names and addresses of individuals with whom she and her children lived during their alleged period of homelessness, including any hotels and/or motels, within five days; (2) supplement her damage computation in Interrogatory No. 8 with detailed calculations for each claimed damage within five days; and (3) clarify her responses to Request for Production Nos. 4, 24, and 33 regarding any outstanding or unrequested medical records. The undersigned Magistrate Judge advised Plaintiff that failure to comply with these orders may lead to sanctions including dismissal of the Plaintiff's claims. (Docket No. 77).

On August 30, 2024, Defendants filed the pending Second Motion for Sanctions, asserting that Plaintiff has still not complied with the undersigned Magistrate Judge's August 23, 2024, Order. Plaintiff has not supplemented her discovery responses specified in the Order and her time comply has long passed. Accordingly, Defendants move for dismissal of Plaintiff's claims with prejudice to refiling.

II.     Standard of Review

Under Federal Rule of Civil Procedure 37(b)(2)(A), if a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. Defendants argue that Plaintiff's failure to comply with the First Discovery Order, the Order on the Motion to Clarify, and the Order on Motion for Sanctions warrants dismissal of Plaintiff's claims with prejudice. (Docket No. 79 at 2). If a party fails to provide discovery, the court may dismiss the action. Fed.R.Civ.P. 37(b)(2)(A); *see also In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987) ("A trial court has the power to

3

dismiss a claim for the failure to obey a discovery order."). "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).

Before choosing dismissal as a sanction, a court must consider a number of factors, including: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id.* at 921 (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1465 (10th Cir.1988). The undersigned Magistrate Judge addresses each factor in turn.

    a. Actual Prejudice to the Defendant

Defendants argue that they have been prejudiced in their ability to effectively defend against Plaintiff's claims as they have been unable to ferret out Plaintiff's claims. (Docket No. 79 at 4). Discovery was first issued to Plaintiff, individually and on behalf of her minor children on February 21, 2023, and February 22, 2023. While the undersigned Magistrate Judge acknowledges that Plaintiff has complied with some of the discovery issues, there remains specific information that Plaintiff has not provided which has prejudiced Defendants. Defendants argue they cannot adhere to the Scheduling Order deadlines based on Plaintiff's delays and failures to fulfill her discovery obligations. (Docket No. 79 at 5). Furthermore, Defendants have been forced to resort to sending subpoenas to third parties to try and determine Plaintiff's damages and verify her claims. *Id.* In her deposition, Plaintiff testified that despite being asked, Plaintiff has done nothing to obtain the records necessary to support her claims. (Docket No. 91 at 5-6). Due to the lack of information available to the Defendants prior to Plaintiff's deposition, her deposition could not be finished on the scheduled date and was continued, <u>by agreement</u>, to a later date. *Id.* at 6. Despite this

subpoenaed deposition, Plaintiff did not appear for the continued deposition. *Id.* All of these delays and failures have clearly prejudiced Defendants' ability to investigate and defend Plaintiff's claims.

      b. Interference with the Judicial Process

Furthermore, Plaintiff's delays and failures have interfered with the judicial process. As Defendants argue, "[a]fter years of litigation, Muskogee Defendants still have no idea what the factual basis is for the damages Plaintiff is seeking and have been unable to seek out the friends and relatives that Plaintiff allegedly lived with to conduct interviews or depositions to prepare their defense." (Docket No. 79 at 5). These delays and failures have necessitated amendments to the Court's Scheduling Orders and have required the Court to conduct multiple hearings regarding the same discovery issues and to file multiple orders directing Plaintiff to participate in discovery, which were not obeyed. Clearly, Plaintiff's actions, or inactions, have interfered with the judicial process.

      c. Culpability of the Plaintiff

As the Defendants argue, Plaintiff is solely responsible for the interference with the judicial process and the prejudice the Defendants have suffered. (Docket No. 79 at 5). Plaintiff argues she did not intentionally disobey the Court's Order and her noncompliance is a result of excusable neglect. (Docket No. 84 at 3). However, the undersigned Magistrate Judge is not convinced this is the case. The evidence of "excusable neglect" presented by Plaintiff in her Response to Defendants' Second Motion for Sanctions are: (1) Plaintiff's counsel does not work on Fridays and she did not see the Court's Order requiring Plaintiff to provide supplementation within five days; (2) Plaintiff's counsel was only aware of the Court's Order entered on August 23, 2024 on

August 30, 2024 when she returned to the office following depositions in a separate case;[2] (3) when Plaintiff's counsel became aware of the Court's Order (seven days after it was issued) she attempted to contact Plaintiff; however, Plaintiff's phone had "caught fire" and she had no access to the internet. (Docket No. 84 at 2-3). Plaintiff argues that her counsel was able to communicate with her a week after August 30, 2024, however despite this reestablished connection, nothing has been produced to Defendants in an effort to comply with the Court's Order.

If the Court's Order entered on August 23, 2024, had been the first order requiring Plaintiff to supplement her discovery and produce specific information, Plaintiff's argument regarding excusable neglect might be more convincing. However, as outlined above and as indicated in the multiple pleadings filed by Defendants in this case, the Court's Order on August 23, 2024, was the **third** time this Court told Plaintiff what she was required to produce and supplement. Plaintiff has been on notice of her deficient discovery responses since at least June 12, 2024, when the Order on Plaintiff's Motion to Clarify was entered, and arguably since May 13, 2024, when the hearing on the Motion to Compel was held. To argue that Plaintiff's failure to comply is simply because her counsel did not see the Order until a week later cannot be excused when even now, over 45 days have past since the Court's Order was entered and Plaintiff has still not complied. This level of noncompliance is clearly outside the realm of what can be considered excusable neglect.

    d.  Previous Warning of Dismissal

The Court's Order expressly stated that Plaintiff's failure to comply could result in dismissal of Plaintiff's claims. (Docket No. 77). This warning was repeated four times throughout the Court's Order and does not need to be reiterated here.

---

[2] Plaintiff's Response notes that her counsel was out of the office from August 26, 2024 to August 28, 2024 due to preparation for and attendance of a deposition for a case in the Northern District of Oklahoma. (Docket No. 84 at 2)

      e. Efficacy of Lesser Sanctions

The undersigned Magistrate Judge has considered lesser sanctions for Plaintiff's continued violations of the Court's Order. However, nothing but dismissal would be adequate to address the continuous and blatant disregard for this Court's directions. The undersigned Magistrate is reluctant to impose monetary sanctions on a Plaintiff who depends on federally subsidized housing. Likewise, the undersigned Magistrate Judge is reluctant to impose monetary sanctions on Plaintiff's counsel or Legal Aid, an important resource for Oklahoma citizens of limited financial means needing legal assistance. Furthermore, it seems that if Plaintiff had the information she and her counsel repeatedly claim to have, they would have turned it over by now. Therefore, ordering Plaintiff to turn it over a <u>fourth time</u> or suffer monetary sanctions would be fruitless. Accordingly, dismissal is the only just solution.

    III.    Plaintiff TW's Failures to Comply

In addition to the Court's Order on August 23, 2024, directing Plaintiff to supplement specific discovery responses, the Court also issued an Opinion and Order on August 26, 2024, denying Plaintiff TW's Motion to Voluntarily Dismiss her claims without first answering or supplementing Defendants' discovery requests. (Docket No. 78). This Order directed Plaintiff TW to respond or supplement her discovery responses by September 5, 2024. *Id.* at 3. Plaintiff TW has also failed to comply with this Order. (Docket No. 91 at 8). The discovery sought was not beyond the power of Plaintiff TW to provide in that Defendants were seeking her current address and contact information along with executed releases. Plaintiff TW's counsel even expressed that this information was forthcoming and would be available "today." (Docket No. 91 at 8). The fact that these discovery responses have not been produced more than a month after they were ordered to be produced, with no justification or explanation, warrants dismissal of these claims as well. (*See*

*Spiller v. U.S.V. Labs., Inc.*, 842 F.2d 535, 537 (1st Cir.1988)). Accordingly, the undersigned Magistrate Judge recommends dismissal of this case without prejudice.

IV.     Conclusion

Plaintiff's persistent failure to comply with multiple court orders regarding discovery has severely prejudiced Defendants' ability to defend against her claims and has interfered with the judicial process. Despite numerous opportunities to remedy the deficiencies, Plaintiff has not provided the requested information or sufficient explanations for her noncompliance. The Court has previously warned Plaintiff that continued failure to comply could result in dismissal of her claims. Given Plaintiff's disregard for the Court's directives and the ineffectiveness of lesser sanctions, the undersigned Magistrate Judge finds that dismissal is the only appropriate remedy. Therefore, it is recommended that Plaintiff's claims be dismissed in their entirety without prejudice to refiling.

Any objections to this Report and Recommendation must be filed within fourteen days. See 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

IT IS SO ORDERED this 15th day of October, 2024.

_____
D. Edward Snow
United States Magistrate Judge